THE AETNA CASUALTY AND SURETY COMPANY, a corporation of the State of Connecticut,

*vs.*

THE MAYOR AND COUNCIL OF WILMINGTON, a Municipal corporation of the State of Delaware, and AUGUST EDWARD WALSEN.

*New Castle, Jan.* 30, 1931.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for complainant.

*Caleb S. Layton,* City Solicitor, for defendant the Mayor and Council of Wilmington.

*Robert G. Harman,* for defendant Walsen.

THE CHANCELLOR. The city has undertaken to show the existence of a deficit in the collector's accounts. It has produced and placed in evidence all the books and records made and kept by the collector during the years over which the alleged deficit occurred. These books and records are exceedingly voluminous. An audit of them authorized by the city required some months of time to complete. The city employed the witness White, who is a certified public accountant, to make the audit. He laid out the plan of the audit and put several men to work on the books and records, himself doing part of the detailed work of the audit.

The auditors worked, sometimes alone, and at other times in pairs, checking and rechecking the data. Worksheets were prepared by the auditors and turned in to White, who assembled them and checked their results against his so-called control account. A summary of the results shown on the worksheets was prepared under the supervision of White who testifies that the summary is a true and accurate reflection of the facts contained in the books and records in evidence. The men who worked on the audit have all appeared as witnesses and testified that the portion of the work each did accurately states the facts as found in the records—all but one, and he is not available as is shown by the sheriff's return of the summons to him of *non est inventus*. The absent witness' handwriting has however been proved. He made his entries in the usual course of his employment. All the supporting documents upon which the audit rests are in evidence and the auditor's report is so prepared that the source of the information therein contained can be traced back into the supporting documents which are in evidence and the authenticity of the summary thereby tested.

The admission of the auditor's report into evidence has been objected to by the solicitor for the defendant Walsen.

As a practical proposition, if an audit of the sort here shown is not admissible in evidence, the only alternative method of showing the state of the collector's accounts would be for the court to consume weeks of time by listening to witnesses go through the many details that the voluminous records contain. This undertaking would also prove, I have no doubt, quite confusing to the court. Certainly such a time consuming and confusing method of getting at the facts ought not to be adopted unless there is some compelling reason for doing so. I do not see any reason why a party should be put to a most tedious and confusing method of proving the relevant contents of books of account and the court deprived of the aid which an intelligent study and summarization of them would give, where as here all the original sources of information are placed before the court from which the accuracy of the summarization can be demonstrated or disproved as the case may be.

The party whose books and records are examined cannot possibly be injured by admitting the auditor's report in evidence. He may have all the time that is reasonably necessary to examine the originals and show to the court wherein the report contains errors if any. I view the report, the original books from which it was made being in evidence, as analogous to a solicitor's statement of what the facts in evidence prove—with this difference, that the auditor is under oath as a witness, whereas the solicitor would not be. The report is an aid to the court to assist it in an intelligent understanding of the evidence which the books and records contain. If the defendant is assured of ample opportunity as he hereby is, to examine the supporting documents for the purpose of demonstrating the inaccuracy of the audit, he cannot possibly be harmed.

The time is not available to discuss the state of the authorities bearing on the question which the pending objection presents. The Delaware case of *Redden v. Spruance*, 4 *Har.* 269, cited by the objecting defendant, does not appear to me to have any bearing on the question. The following citations I think support the admissibility of the auditor's summary. *Northern Pacific Ry. Co. v. Keyes* (*C. C.*) 91 *F.* 47, 58; 2 *Wigmore on Evidence* (2d Ed.) § 1230; 22 *C. J.* 1017.

Not only may the objecting defendant have a reasonable opportunity to examine the supporting books and records that are in evidence, but he may also have the opportunity, if he cares to embrace it, of calling back for further cross examination the auditors who were engaged in the work of the audit and who are within the court's jurisdiction.

Objection overruled.